UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHAWN M. BALL,

    Petitioner,

vs.

STATE OF NEVADA, et al.,

    Respondents.

Case No. 2:16-cv-00029-JCM-NJK

**ORDER**

    Petitioner has submitted an application to proceed in forma pauperis (#2) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action.

    The court takes judicial notice of the on-line docket of the Eighth Judicial District Court of the State of Nevada in State v. Ball, 09C256709.[1] On July 1, 2010, that court convicted petitioner of one count of sexually motivated coercion. It imposed a sentence with a minimum term of 2 years and a maximum term of 5 years in prison, with 402 days of credit for time served. The written judgment of conviction was entered on July 15, 2010. Petitioner did not appeal. Petitioner did not file a post-conviction habeas corpus petition.

---

[1] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=7569235 (report generated April 27, 2016).

On January 7, 2016, this court received petitioner's federal habeas corpus petition. Petitioner states on the first page that he is not in custody, and his mailing address appears to be a residence in San Ysidro, California.

The court appears to lack jurisdiction to consider this petition. Taking petitioner's credits for time served into account, his sentence expired more than a year and a half before he commenced this action.[2] Petitioner is no longer in any form of custody pursuant to this judgment of conviction, and it appears that the court cannot consider his petition. Maleng v. Cook, 490 U.S. 488, 490-92 (1989); 28 U.S.C. §§ 2241(c).

The petition also appears to be untimely. Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012). See also Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2).

Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

---

[2] Petitioner likely had earned other credits while in prison, leading to an even earlier expiration of his sentence. The court does not know how many of those credits he had earned, and for the purposes of this order the court will assume that he earned no such credits.

prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Id. at 624.

The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

The state district court entered its judgment of conviction on July 15, 2010. Petitioner did not appeal. The judgment of conviction became final on August 16, 2010, because the time to appeal otherwise would have expired on a Saturday. Petitioner filed no post-conviction habeas corpus petition that would have tolled the period of limitation under § 2244(d)(2). The one-year period expired on August 16, 2011. This court received the federal habeas corpus petition on January 7, 2016, almost four and a half years late.

Finally, petitioner appears not to have exhausted his available remedies in the state courts. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982). Petitioner did not appeal, and he did not file a state habeas corpus petition. Consequently, he has not presented any of the issues in the federal habeas corpus petition to the Nevada Supreme Court.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#2) is **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

1    IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action for lack of jurisdiction and as untimely. Failure to comply with this order will result in the dismissal of this action.

   IT IS FURTHER ORDERED that the clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

   IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

   DATED: May 2, 2016.

```
                                            _____
                                            JAMES C. MAHAN
                                            United States District Judge
```